UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

Eastern District of Kentucky
**FILED**

**JUN 2 0 2017**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

GAREY E. LINDSAY,
Regional Director of the
Ninth Region
of the National Labor
Relations Board,
for and on behalf of the
National Labor Relations Board,

      Petitioner,

V.

LEGGETT & PLATT, INC.,

      Respondent.

CIVIL ACTION
NO. 5:17-198-KKC

**OPINION & ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the amended petition of Garey E. Lindsay, regional director of the Ninth Region of the National Labor Relations Board, for and on behalf of the Board, for injunctive relief against Leggett & Platt, Inc. (DE 19).

The Court held a hearing on the matter, at which both parties presented arguments. (DE 24). For the reasons stated on the record during the hearing and for those that follow, petitioner's amended complaint for injunctive relief is **DENIED**.

## I. Background

Three main players are involved in this litigation. First is Lindsay, on behalf of the Board. Second is Leggett & Platt, a corporation with offices and places of business in Winchester, Kentucky, that engages in the manufacture and nonretail sale of commercial and residential furnishings. Third is a union, the International Association of Machinists and Aerospace

1

Workers, AFL-CIO, which has been the collective-bargaining representative of a specific unit of employees at Leggett & Platt.

The following timeline is uncontroverted. In December 2016, Leggett & Platt received a petition signed by a majority of its Winchester, Kentucky plant's bargaining-unit employees that stated: "The undersigned employees of Leggett and Platt # 002 do not want to be represented by IAM 619 hereafter referred to as 'union'."(DE 1-9). This petition has been referred to by the parties as the disaffection petition.

In January 2017, Leggett & Platt sent a letter to the union, informing the union of the disaffection petition that it received in December 2016. Leggett & Platt's counsel also contacted the NLRB to ascertain whether the union had achieved majority status.

On February 21, 2017, the union sent a letter to Leggett & Platt stating that the union did "not believe" the claim that a majority of represented employees no longer wished to be represented by the union. (DE 19-16). The next day, Leggett & Platt wrote the union to inform it that the company had "not received any evidence indicating that any employees have changed their minds in this regard" and that, accordingly, the company intended to withdraw recognition of the union upon the expiration of the collective bargaining agreement. (DE 10-11).

There is no evidence before the Court that the union presented a pro-union petition to Leggett & Platt before the expiration of the collective bargaining agreement on February 28, 2017. Nor is there any evidence that the Board communicated any evidence or a pro-union petition to Leggett & Platt before the agreement's expiration.

Thus, on the date that it withdrew recognition of the union, Leggett & Platt had no evidence to the contrary of the disaffection petition it received in December 2016. That is,

2

Leggett & Platt only had evidence that a majority of represented employees did not want to continue to be represented by the union.

The union filed charges against Leggett & Platt that are currently pending before the Board. (DE 19-1; 19-2). A hearing before an administrative law judge on the union's underlying charges against the company is scheduled for July 24, 2017. (DE 19-5). Through his amended petition, Lindsay asks that Leggett & Platt be enjoined from continuing to commit unfair labor practices. (DE 19, Amended Petition ¶ 21).

Lindsay's amended petition alleges that Leggett & Platt has engaged in three unfair labor practices:

(1) Unlawfully withdrawing recognition of the union as the exclusive collective-bargaining representative of the unit (in the absence of a Board election) after the parties' collective bargaining agreement expired on February 28, 2017;

(2) Since March 1, 2017, failing to remit to the union dues deducted pursuant to valid, unexpired, and unrevoked employee checkoff authorizations; and

(3) Since March 1, 2017, making changes to the terms and conditions of employment of the unit that are mandatory subjects for the purposes of collective bargaining.

(DE 19, ¶¶ 14, 15(a), 15(b), 15(c)).

Lindsay's amended petition seeks injunctive relief pursuant to § 10(j) of the National Labor Relations Act. That statute states in full:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j).

When presented with a request for § 10(j) relief, a district court's inquiry is two-fold. First, the Court must determine whether there is reasonable cause to believe that the respondent has committed an unfair labor practice. *See Ahearn v. Jackson Hosp. Corp.*, 351 F.3d 226, 236 (6th Cir. 2003). Next, the Court must determine whether interim relief is just and proper. *Id.*

"Petitioner's burden of showing 'reasonable cause' is 'relatively insubstantial,' inasmuch as the proof requires only that the Board's legal theory underlying the allegations of unfair labor practices be 'substantial and not frivolous' and that the facts of the case be consistent with the Board's legal theory." *Id.* at 237. Further, a district court does not need to resolve conflicting evidence between the parties or make credibility determinations. *Id.* "Indeed, fact-finding is inappropriate in the context of a district court's consideration of a 10(j) petition." *Id.*

As to the "just and proper" consideration, "[c]ourts must be mindful that 'the relief to be granted is only that reasonably necessary to preserve the ultimate remedial power of the Board and is not to be a substitute for the exercise of that power.'" *Id.* at 239 (quotations omitted).

As the Court views the record, the primary issue in this case is whether Leggett & Platt lawfully withdrew recognition of the union on March 1, 2017. Arguments concerning whether Leggett & Platt is lawfully not remitting dues and whether the company's unilateral changes are lawful flow from whether the withdrawal was proper.

As stated at the hearing, this Court understands the importance of labor law and of the procedures to protect the rights of employees both to unionize and bargain and to express views against unionizing. Labor law also seeks to protect the rights of employers.

Through Lindsay's amended petition, the Court is being ask to grant extensive relief in advance of a meaningful hearing before an administrative law judge, which is scheduled for July 24, 2017. (DE 19-5).

Here, the Court finds the facts, on the limited record before it, do not support Lindsay's or the Board's legal theory in this case. The union, and its members, have a process before the Board, and the union has a remedy before the Board. The Court has been presented with no evidence that the administrative process before the Board would be inadequate or inequitable. In fact, *an injunction* would be inequitable under these circumstances.

While the Sixth Circuit may not yet have had the opportunity to review a case with these facts, this Court will not grant an injunction to parties who were in a position to avoid the harm of which they now complain. Parties should not be permitted to sit on their rights and then seek relief for the emergency they created. Indeed, as Leggett & Platt argues in its initial response, the Board has often considered whether an employer had actual notice that a union had reestablished majority status prior to withdrawing recognition. (*See* DE 10, Response at 13) (discussing *HQM of Bayside, LLC*, 348 NLRB 758 (2006), *Parkwood Development Center*, 347 NLRB 974 (2006), and *Highlands Hospital Corporation,* 347 NLRB 1404 (2006)).

Lindsay, through the Board, has sought broad injunctive relief. In this case, the employer, its employees, and the union, deserve a full and fair hearing, and the law provides the Board with important remedial powers. An injunction in this case would not be just and proper as the Court is not in the position to be a substitute for that remedial body with the limited evidence presented in this record.

Accordingly, Lindsay's amended petition for injunctive relief (DE 19) is **DENIED**.

Dated June 20, 2017.



Signed By:
Karen K. Caldwell
United States District Judge

5